IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:19-cr-00016-002 |
| v. | ) | |
| | ) | GOVERNMENT'S |
| ASHLEY S. FLEMING, | ) | SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and for its Sentencing Memorandum, states:

Sentencing in this case is scheduled for November 12, 2019, in Council Bluffs, Iowa.

The United States Probation Office (USPO) has in the Presentence Report (PSR) [Document 85] calculated a Guidelines sentencing range of 46 to 57 months imprisonment, based on application of U.S.S.G § 2D1.1(c)(8). (PSR ¶ 34). The PSR writer placed the Converted Drug Weight at more than 100 but less than 400 kilograms by using an oxycodone pill count of 940 pills. The government has objected to this finding and believes that the appropriate pill count should include the pills identified in PSR ¶ 26 of the PSR. (*See,* Document 90.)

As reflected in PSR ¶ 26, during the investigation the DEA located over 6000 pills that can be attributed to the actions of the defendant, either directly or through relevant conduct.

Relevant conduct is defined in the United States Sentencing Guidelines by Section 1B1.3(a)(1) and (a)(2). Basically, it the "range of conduct that is relevant to determining the applicable offense level." See U.S.S.G.§1B1.3 comment.[background]. Though the guideline section defines several ways that relevant conduct can be determined, Section 1B1.3(a)(1) shows

1

why all pills should be attributed to the defendant. Section 1B1.3(a)(1) provides that relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" and "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of the others that were… within the scope of the jointly undertaken criminal activity, in furtherance of the that criminal activity, and reasonably foreseeable in connection with that criminal activity." U.S.S.G. §1B1.3(a)(1)(A),(B).

Clearly the activity of the defendant meets this standard.

As reflected in the PSR, the defendant along with her co-defendants provided false prescription forms to pharmacies throughout Iowa and Nebraska to obtain mainly 30 milligram oxycodone pills. In many of the cases, the defendant, or her co-defendants, would look to use low-income individuals to pass the prescriptions. (PSR ¶¶ 11-24.) At times, all three co-defendants worked together to obtain oxycodone pills. (PSR ¶ 14.) At other times, only two of the three were together. (*See* PSR¶ 11.) In all of the recorded transactions, however, the pattern was similar. Find a person, offer them $100 to pass a prescription for oxycodone, provide the prescription in that person's name, and collect the pills if the plan was successful. Clearly this was a common scheme or plan, and was the sole purpose of the conduct of the three defendants. This establishes that all of the pills, and attempts to get pills, are relevant to all three defendants.

"For the purposes of calculating drug quantity in a drug conspiracy case, the district court may consider amounts from drug transactions in which the defendant was not directly involved if those dealings were part of the same course of conduct or scheme. This includes all transactions known or reasonably foreseeable to the defendant that were made in furtherance of the

conspiracy." *United States v. Escobar*, 909 F.3d 228, 246-247 (8th Cir. 2018) citing, *United States v. King*, 898 F.3d 797, 809 (8th Cir. 2018)(cleaned up). The defendants before the court in the instant case resided in Chicago, Illinois, traveled to various locations in the mid-west, provided a prescription for 30 milligram oxycodone, paid an individual to take the forged prescription to a pharmacy, and took the pills obtained back to Chicago for further distribution.

These defendants were working in concert making the pills identified in PSR ¶ 26 relevant conduct for all. It should also be noted that the defendants in the instant case were not always successful in their efforts to obtain pills. This does not change the analysis as to the drug amount as they would simply reuse the prescription that was not filled or create a new one. In each case of a failure to obtain the oxycodone, a prescription was actually provided to a pharmacist, at the direction of one of the defendants. The intent of the defendants was to obtain those pills in addition to the ones that they actually received, making these attempts relevant conduct.

The determination of a proper drug amount is important but is not the final determination as to what sentence to impose. The Court has the authority to vary from the recommended sentence based on factors listed in 18 U.S.C. § 3553(a). The Court is not required to do so however. In any event, the Court needs to determine a "reasonable sentence" using the Guidelines established sentence as a starting point. "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Feemster,* 572 F.3d 455, 461 (8th Cir. 2009)(enbanc) citing, *Gall v. United States,* 552 U.S. 38 (2007).

The factors the Court must use to determine a reasonable sentence are:
    (1) the nature and circumstances of the offense and the history and characteristics

of the defendant;

(2) the need for the sentence imposed;

    (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the sentencing range from the guidelines;

(5) any pertinent policy statements by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

The Court has a duty to impose a sentence that adequately deters the defendant's criminal conduct and also protects the public from future crimes of the defendant. (18 USC 3553(a)(2)(B),(C)).

At age 33, the defendant has had criminal convictions that results in a criminal history category of III. Her conduct in the instant case, though not necessarily in a supervisor role, certainly was significant. The extent of the conspiracy also shows that the operation was well orchestrated and was set up to maximize the collection of oxycodone pills. Using others to pass the forged prescriptions also shows some sophistication in an effort to avoid detection.

**CONCLUSION**

To resolve the issues in this case, the government has provided to defense counsel a proposed sentencing agreement. If the agreement is signed by the parties, the parties will be recommending a sentence of 46 months in prison with Supervised Release to follow. If the agreement is not executed, the government will be prepared to put on evidence regarding drug weight and the overall operation of the conspiracy through the testimony of the investigating agents.

Respectfully Submitted,

Marc Krickbaum
United States Attorney

By: *S/Richard E. Rothrock*
Richard E. Rothrock
Assistant United States Attorney
8 South 6th Street
Council Bluffs, IA 51501
Tel: (712) 256-5009
Email: Richard.Rothrock@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019November 8, 2019November 8, 2019, I electronically filed the foregoing with the
Clerk of Court using the CM ECF system.   I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail  _____ Fax  _____Hand Delivery

  x   ECF/Electronic filing      _____Other means

UNITED STATES ATTORNEY

By: */s/ms*
     Paralegal Specialist